JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | NO. CV 13-2103 FMO (SHx) |
| Plaintiff, | |
| v. | **ORDER SUMMARILY REMANDING IMPROPERLY REMOVED ACTION** |
| MARILYN E. VEINCENTOTZS, | |
| Defendant. | |

On March 27, 2013, plaintiff US Bank National Association ("plaintiff") filed an Ex Parte Application for Remand of Action to Superior Court ("Application"). Pursuant to the court's requirements and procedures, defendant Marilyn E. Veincentotzs' opposition to the Application was due no later than March 28, 2013. (See Judges' Procedures and Schedules at ¶ 4, available at www.cacd.uscourts.gov). As of the date of this Order, defendant has not filed any opposition to the Application. Having reviewed and considered plaintiff's unopposed Application, the court concludes as follows.

On March 22, 2013, defendant Marilyn E. Veincentotzs ("defendant" or "Veincentotzs"), having been sued in what appears to be a routine unlawful detainer action in California state court, filed a "Removal From Los Angeles County Superior Court" ("Notice of Removal") of that action to this court. However, plaintiff could not have brought this action in federal court in the first place, in that defendant does not competently allege facts supplying either diversity or federal question

jurisdiction, and therefore removal is improper. See 28 U.S.C. § 1441(a);[1] Exxon Mobil Corp. v. Allapattah Servs. Inc., 545 U.S. 546, 563, 125 S.Ct. 2611, 2623 (2005).

As an initial matter, the state court complaint attached to the Notice of Removal asserts only a single cause of action for unlawful detainer pursuant to California Code of Civil Procedure § 1166a. (See Notice of Removal, Exh. 8 ("Complaint")). The state court complaint discloses no federal statutory or constitutional question. See Wescom Credit Union v. Dudley, 2010 WL 4916578, at *2 (C.D. Cal. 2010) ("An unlawful detainer action does not arise under federal law."); Indymac Fed. Bank., F.S.B. v. Ocampo, 2010 WL 234828, at *2 (C.D. Cal. 2010) ("No federal claim is alleged in the Complaint[]" where "[t]he Complaint contains a single cause of action for unlawful detainer.").

Moreover, the court finds unpersuasive Veincentotzs' contention that federal question jurisdiction exists because plaintiff engaged in conduct that "violated . . . Federal laws[,]" including the Securities Act of 1933 ("Securities Act") and the Securities and Exchange Act of 1934. (See Notice of Removal at 11-12). It is well-settled that "a case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar Inc. v. Williams, 482 U.S. 386, 393, 107 S.Ct. 2425, 2430 (1987) (emphasis in original). Nor can a counterclaim "serve as the basis for [§ 1331[2]] 'arising under' jurisdiction." Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32, 122 S.Ct. 1889, 1893-94 (2002). Thus, to the extent Veincentotzs' defenses or counterclaims to the unlawful detainer action are based on alleged violations of federal law, those allegations do not provide a basis for federal

---

[1] 28 U.S.C. § 1441(a) provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

[2] 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

question jurisdiction. See Deutsche Bank Nat. Trust Co. v. Perez, 2012 WL 3027678, at *3 (N.D. Cal. 2012) ("[T]o the extent [d]efendants' defense to the unlawful detainer action is based on alleged violations of the federal constitution, those allegations do not provide a basis for federal jurisdiction.").

Further, there is no basis for diversity jurisdiction because the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000. See 28 U.S.C. § 1332.[3] On the contrary, the caption of the Complaint recites that the amount in controversy "[d]oes [n]ot [e]xceed $10,000." (See Complaint at 1); see also Cal. Rules of Court 2.111(9)). The only other reference to the amount in controversy is in plaintiff's prayer for relief which requests damages "in the amount of $107.52 per day, from the expiration of the Notice to Vacate, for each day Defendant[] continue[s] in possession of the Property[,]" and for "costs of suit[.]" (Complaint at ¶ 8); see St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291, 58 S.Ct. 586, 591 (1938), superseded by statute on other grounds, (the status of a case as disclosed by a plaintiff's complaint is controlling for purposes of removal). Because the amount of damages that plaintiff seeks appears to be $75,000 or less, and at most is unclear from the complaint, defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy meets that jurisdictional threshold. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). Veincentotzs states that the "Trustee's Deed Upon Sale" of the house at issue was "$400,000.00[,] far exceeding" the jurisdictional amount. (See Notice of Removal at 14). She fails to explain, however, why the home's alleged sale amount is the real amount in controversy, as opposed to the amount of damages sought by plaintiff, which does not exceed $10,000. See Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090-91 (9th Cir. 2003) (per curiam) ("Conclusory allegations as to the amount in controversy are insufficient."). In short, Veincentotzs has not met her burden of proving by a preponderance of the evidence that the amount in controversy meets that jurisdictional threshold of $75,000. See 28 U.S.C. § 1332(a); Valdez, 372 F.3d at 1117.

---

[3] 28 U.S.C. § 1332(a) provides that diversity jurisdiction exists only in suits between citizens of different states and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]"

3

Finally, defendant's contention that the state court's rulings violate her Due Process rights under the Fifth and Fourteenth Amendments to the U.S. Constitution, (see Notice of Removal at 2-4), is insufficient to provide a basis for removal. The Rooker-Feldman doctrine prevents this court from reviewing Veincentotzs's removal to the extent the removal is based on defendant's objections to the state courts' rulings and hearings. The Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-22 (2005). "The purpose of the doctrine is to protect state judgments from collateral federal attack. Because district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are 'in essence being called upon to review the state court decision.'" Doe & Assocs. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001) (quoting District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482, 103 S.Ct. 1303, 1315 n. 16). As a result, a district court must decline to hear "a forbidden de facto appeal from a judicial decision of a state court" as well as any "issue that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003).

Here, the state court granted plaintiff's Motion for Summary Judgment and entered "judgment of possession" in its favor on March 11, 2013, eleven days before defendant removed this action. (See Application, Exh. 1 at 40-42, US Bank Nat'l Assoc. v. Veincentotzs, Case No. C12-U04971 (Cal. Sup. Ct. March 11, 2013) (Orders granting plaintiff's motion for summary judgment and entering judgment for plaintiff).[4] Veincentotzs is, in effect, asking this court to

---

[4] Rule 201(b) of the Federal Rules of Evidence permits courts to judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). "[A] court may take judicial notice of matters of public record." Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (internal citation and quotation marks omitted). Such public records include proceedings and filings in both state and federal courts. See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992); see also Burbank-Glendale-Pasadena Airport Auth. v. Burbank, 136 F.3d 1360, 1364 (9th Cir.), cert. denied, 525 U.S. 873 (1998) (taking "judicial notice of pleadings filed

exercise subject matter jurisdiction over a de facto appeal from a state court judgment.  This court has no jurisdiction to review the judgment entered by the state court in the underlying state case. "Thus, whether [defendant] intend[s] to bring an actual or a de facto appeal, this Court does not have jurisdiction to review the state court's decisions." McDowell v. California, 2011 WL 3794900 at *3 (N.D. Cal. 2011); see Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 858–59 (9th Cir. 2008) (explaining that "[a] federal action constitutes such a de facto appeal where claims raised in the federal court action are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules.") (internal quotation marks and citations omitted).

Based on the foregoing, IT IS ORDERED that:

1.  Plaintiff's Ex Parte Application **(Document No. 5)** is **granted**.

2.  The above-captioned action shall be **remanded** to the Superior Court of California, Los Angeles County, West District, Santa Monica Courthouse, 1725 Main Street, Santa Monica, CA 90401, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

3.  The Clerk shall send a certified copy of this Order to the state court.

Dated this 8th day of April, 2013.

/s/
Fernando M. Olguin
United States District Judge

---

in a related state court action").  Accordingly, the court takes judicial notice of the state court's Orders of March 11, 2013.  (See Application, Exh. 1 at 40-42).